# Exhibit A

1
2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

3

4      RYAN RICHARDS, RUBA AYOUB,                    )        Case No. 4:19-cv-06864
        BRANDY TERBAY AND TRACY                        )
5      CUMMINGS, on behalf of themselves and       )
        all others similarly situated,                      )
6                                                                    )
7                            Plaintiffs,                          )
                                                                      )
8              vs.                                                 )
                                                                      )
9      CHIME FINANCIAL, INC., GALILEO          )
        FINANCIAL TECHNOLOGIES, INC., and    )
10     THE BANCORP INC.,                               )
                                                                      )
11                          Defendants.                       )
12                                                                   )

13

14          **DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF**

15                              **SETTLEMENT NOTICE PROGRAM**

16          I, Cameron Azari, declare:

17          1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set

18     forth herein, and I believe them to be true and correct.

19          2.      I am a nationally recognized expert in the field of legal notice, and I have served as

20     an expert in hundreds of federal and state cases involving class action notice plans.

21          3.      I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc.

22     ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"), a firm that

23     specializes in designing, developing, analyzing and implementing, large-scale legal notification

24     plans.  Hilsoft is a business unit of Epiq.

25          4.      This declaration will describe the implementation of the Settlement Notice Plan

26     ("Notice Plan" or "Plan") implemented here for the Settlement in *Richards v. Chime Financial,*

27     *Inc. et al.*, 4:19-cv-06864 in the United States District Court for the Northern District of California.

28

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF SETTLEMENT NOTICE**
**PROGRAM**

I previously executed my *Declaration of Cameron R. Azari, Esq. on Settlement Notice Program* ("Notice Plan Declaration"), on August 4, 2020, in which I detailed Hilsoft's and Epiq's class action notice experience and attached Hilsoft's *curriculum vitae* and Epiq's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## OVERVIEW

5.     On October 28, 2020, the Court approved the Notice Plan in the *Order Granting Motion for Preliminary Approval* ("Preliminary Approval Order"). In the Preliminary Approval Order, the Court certified the following Settlement Class:

> All consumers who attempted to and were unable to access or utilize the functions of their accounts with Chime, as confirmed by a failed transaction or a locked card as recorded in Chime's business records, beginning on October 16, 2019 through October 19, 2019, as a result of the Service Disruption.

6.     After the Court's Preliminary Approval Order was entered, we began to implement the Notice Program. This declaration will detail the notice activities undertaken and explain how and why the Notice Plan was comprehensive and well suited to the Settlement Class. This declaration will also discuss the administration activity to date. The facts in this declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues from Hilsoft and Epiq, who worked with us to implement the notification effort.

## CAFA NOTICE

7.     As described in the *Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice*, dated November 18, 2020 ("Fiereck Declaration"), Epiq sent a CAFA notice packet (or "CAFA Notice"), on behalf of Defendants Chime Financial, Inc., Galileo Financial Technologies LLC (formerly known as Galileo Financial Technologies, Inc.), and The Bancorp Inc.—as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, to 59 federal and state officials on August 17, 2020. The CAFA Notice was mailed by United States Postal Service ("USPS") certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories. The Notice was also sent

by United Parcel Service ("UPS") to the Attorney General of the United States, the Federal Reserve Bank of Philadelphia, and the Office of the State Bank Commissioner for Delaware.  The Fiereck Declaration is included as **Attachment 1**.

## NOTICE PLAN DETAIL

8.     Federal Rules of Civil Procedure 23 directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[1]  The Notice Program here satisfied this requirement.  A Notice tailored to Settlement Class Members was sent via email and was successfully delivered to 93.8% of the Settlement Class.  The Notices also appear on the case website established for the Settlement.  In my opinion, the Notice Plan was designed and implemented to reach the greatest practicable number of Settlement Class Members through the use of individual notice.  In my opinion, the Notice Plan was the best notice practicable under the circumstances of this case and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

## NOTICE PLAN  IMPLEMENTATION

### *Individual Notice*

9.     On November 4, 2020, Epiq received one data file from counsel, which contained 527,505 records for potential Settlement Class Members.  All records included a facially valid email address.

### *Individual Notice - Email*

10.     On December 1, 2020, Epiq sent 527,505 Email Notices to all potential Settlement Class Members for whom a facially valid email address was available.  The Email Notice used an embedded html text format.  This format provided easy to read text without graphics, tables,

---

[1] Fed. R. Civ. P. 23(c)(2)(B).

[2] *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("To satisfy Rule 23(e)(1), settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably.' 'Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'") (citations omitted); N.D. Cal. Procedural Guidance for Class Action Settlements, Preliminary Approval (3) (articulating best practices and procedures for class notice).

images and other elements that would increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters.  Each Email Notice was transmitted with a unique message identifier.  The Email Notice included an embedded link to the case website.  By clicking the link, recipients were able to easily access the Long Form Notice, Settlement Agreement, online Claim Form and other information about the Settlement.  The Email Notice is included as **Attachment 2**.

11.     If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier.  For any Email Notice for which a bounce code was received that indicated the message was undeliverable, at least two additional attempts were made to deliver the Notice by email.

12.     After completion of the Email Notice effort, 32,499 Email Notices remain undeliverable.  As of March 1, 2021, the initial Email Notice was delivered to 495,006 of the 527,505 identified Settlement Class Members - a deliverable rate and reach of 93.8%.

*Case Website*

13.     On November 30, 2020, a neutral, informational settlement website was established (www.RichardsServiceDisruptionClassAction.com) to reflect the Settlement of the case. Settlement Class Members are able to obtain additional information and documents including the Long Form Notice, Summary Notice, Claim Form, Exclusion Form, Settlement Agreement, Preliminary Approval Order, and a list of answers to Frequently Asked Questions ("FAQs"). Settlement Class Members are also able to file an online claim.  The website also includes information on how potential Settlement Class Members can opt-out of or object to the Settlement if they choose.  The website address was prominently displayed in all printed notice documents.

14.     As of March 1, 2021, there have been 163,425 visitors to the case website and 745,087 website page views presented.

*Toll-free Telephone Number and Postal Mailing Address*

15.    On November 30, 2020, a toll-free number (1-855-917-3581) was established.  Callers can call the toll-free telephone number and hear an introductory message.  Callers then have the option to continue to get information about the Settlement in the form of recorded answers to FAQs.

Callers can also request that a Long Form Notice or Claim Form be mailed to them.  This automated phone system is available 24 hours per day, 7 days per week.  As of March 1, 2021, Epiq handled 5,346 calls to the toll-free telephone number for a total of 16,342 minutes.  As of March 1, 2021, Epiq has mailed 872 Long Form Notices and Claim Forms as a result of requests to the toll-free telephone number.  The Long Form Notice and Claim Form are included as **Attachment 3**.

16.    Epiq also established a postal mailing address to allow Settlement Class Members the opportunity to request additional information or ask questions.

### *Claim Stimulation Notice Efforts*

17.    The Parties requested that Epiq undertake further efforts to stimulate additional claims.  On February 10, 2021, Epiq sent a Reminder Email Notice to all Settlement Class Members with a valid email, who had not already filed a claim.  The Reminder Email Notice stressed the impending claim filing deadline and included a link to the case website.

### *Requests for Exclusion and Objections*

18.    The deadline to request exclusion from the Settlement or to object to the Settlement was February 1, 2021.  As of March 1, 2021, Epiq has received six timely requests for exclusion.  As of March 1, 2021, there was one objection to the Settlement, which was filed directly with the Court by a verified Settlement Class Member.  I have reviewed the objection and it does not include anything regarding notice or settlement administration.  I am aware of no other objections.  The Exclusion Request Report is included as **Attachment 4**.

### *Status of Claims Process*

19.    As of March 1, 2021, Epiq has received 22,017 Claim Forms (21,790 online and 227 paper).  Since the deadline to file a claim was February 15, 2021, Epiq will continue to receive and process claim forms.  It is common to receive timely postmarked claims upwards of 10-20 business days after a claims filing deadline, especially this year with the USPS mail handling and delivery delays.  The USPS continues to report delays in mail service.  The reported delays vary depending on geography within the U.S.  Epiq continues to process any Claim Forms received as quickly as possible upon receipt from the USPS.

20.    As a result, the claim statistics are preliminary and are subject to further updates.

1

## PERFORMANCE OF THE NOTICE PROGRAM

2

### *Reach*

3     21.    As detailed previously, individual notice reached 93.8% of the Settlement Class.

4    Reach was enhanced further by the case website.

5     22.    Many courts have accepted and understood that a 75 or 80 percent reach is more than

6    adequate.  In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims

7    Process Checklist and Plain Language Guide.  This Guide states that, "the lynchpin in an objective

8    determination of the adequacy of a proposed notice effort is whether all the notice efforts together

9    will reach a high percentage of the class.  It is reasonable to reach between 70–95%."[3]  Here we

10   developed and implemented a Notice Plan that delivered notice to the Settlement Class at the high

11   end of this range.

12

## CONCLUSION

13     23.    In class action notice planning, execution, and analysis, we are guided by due process

14   considerations under the United States Constitution, by federal and local rules and statutes, and

15   further by case law pertaining to notice.  This framework directs that the notice program be designed

16   to reach the greatest practicable number of potential class members and, in a settlement class action

17   notice situation such as this, that the notice or notice program itself not limit knowledge of the

18   availability of benefits—nor the ability to exercise other options—to class members in any way.

19   All of these requirements were met in this case.

20     24.    Our notice effort followed the guidance for how to satisfy due process obligations that

21   a notice expert gleans from the United States Supreme Court's seminal decisions, which are: a) to

22   endeavor to actually inform the class, and b) to demonstrate that notice is reasonably calculated to

23   do so:

24     A.  "But when notice is a person's due, process which is a mere gesture is not due

25        process.  The means employed must be such as one desirous of actually informing the

26

27

---

28   [3] Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010)*, p. 3.

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF SETTLEMENT NOTICE PROGRAM**

6

1   absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339

2   U.S. 306, 315 (1950).

3        B.   "[N]otice must be reasonably calculated, under all the circumstances, to apprise

4   interested parties of the pendency of the action and afford them an opportunity to present

5   their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane* at 314.

6        25.   The Notice Program provided the best notice practicable under the circumstances of

7   this case, conformed to all aspects of Federal Rules of Civil Procedure 23, and comported with the

8   guidance for effective notice articulated in the Manual for Complex Litigation 4th Ed.

9        26.   The Notice Plan schedule afforded enough time to provide full and proper notice to

10   settlement Class Members before any opt-out and objection deadline.

11              I declare under penalty of perjury that the foregoing is true and correct.  Executed

12   on March 1, 2021.

13

14                                             Cameron R. Azari, Esq.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION OF SETTLEMENT NOTICE PROGRAM**

Attachment 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| RYAN RICHARDS, RUBA AYOUB, BRANDY TERBAY AND TRACY CUMMINGS, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | Case No. 4:19-cv-06864 |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| CHIME FINANCIAL, INC., GALILEO FINANCIAL TECHNOLOGIES, INC., and THE BANCORP INC., ) ) ) ) | |
| Defendants. ) ) | |

**DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE**

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.      My name is My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Legal Notice Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.      Epiq is a firm with more than 20 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service, claims database management, claim adjudication, funds management and distribution services.

4.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

**CAFA NOTICE IMPLEMENTATION**

5.      At the direction of counsel for the Defendants Chime Financial, Inc., Galileo Financial Technologies LLC (formerly known as Galileo Financial Technologies, Inc.), and The Bancorp Inc., 59 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories, the Federal Reserve Bank of Philadelphia, and the Office of the State Bank Commissioner for Delaware were identified to receive the CAFA notice.

6.      Epiq maintains a list of these state and federal officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On August 17, 2020, Epiq sent 59 CAFA Notice Packages ("Notice").  The Notice was mailed by certified mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories.  The Notice was also sent by United Parcel Service ("UPS") to the Attorney General of the United States, the Federal Reserve Bank of Philadelphia, and the Office of the State Bank Commissioner for Delaware.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included hereto as **Attachment 1**.

8.      The materials sent to the officials included a cover letter, which provided notice of the proposed settlement of the above-captioned case.  The cover letter is included hereto as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

- Class Action Complaint and Civil Cover Sheet;
- Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, with exhibits:
  - Exhibit A – Stipulation of Agreement and Settlement and Release;

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

(1)     Exhibit 1 – Claim Form;

(2)     Exhibit 2 – Email Notice;

(3)     Exhibit 3 – Short Form Notice;

(4)     Exhibit 4 – Long Form Notice;

(5)     Exhibit 5 – [Proposed] Order Granting Motion for Preliminary Approval;

(6)     Exhibit 6 – Declaration of Cameron R. Azari, Esq. on Settlement Notice Program;

o     Exhibit B – Declaration of John A. Yanchunis in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, with Exhibit 1; and

•     List of Class Members and Class Member Geographic Report.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 18, 2020.


Stephanie J. Fiereck, Esq.

# **Attachment 1**

**CAFA Notice Service List**

**USPS Certified Mail**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Kevin G Clarkson | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36130 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 55 Elm St | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 441 4th St NW | Suite 1100 South | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Clare E. Connors | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Curtis T Hill Jr | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Lynn Fitch | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Tim Fox | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | Gordon MacDonald | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Gurbir S Grewal | 25 Market Street | P.O. Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | Letitia James | The Capitol | | Albany | NY | 12224 |
| Office of the Attorney General | Dave Yost | 30 East Broad Street | 14th Floor | Columbus | OH | 43215 |
| Office of the Attorney General | Mike Hunter | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Jason Ravnsborg | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Mitzie Jessop Taase | Executive Office Building 3rd Floor | PO Box 7 | Utulei | AS | 96799 |
| Attorney General Office of Guam | Leevin T Camacho | Administration Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Dennise N. Longo Quinones | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | William Barr | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |
| Federal Reserve Bank of Philadelphia | William T. Wisser | Vice President | Ten Independence Mall | Philadelphia | PA | 19106 |
| Office of the State Bank Commissioner | Robert A. Glen | State Bank Commissioner | 1110 Forrest Avenue Dover | Dover | DE | 19904 |

# **Attachment 2**

**NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

August 17, 2020

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
| --- |

Dear Sir or Madam:

Pursuant to the "Class Action Fairness Act," ("CAFA"), 28 U.S.C. §1715, please find enclosed information from Defendants Chime Financial, Inc., Galileo Financial Technologies, Inc., and The Bancorp Inc. relating to the proposed settlement of a class action lawsuit.

- **Case:** *Richards et al. v. Chime Financial, Inc. et al.*, Case No. 4:19-cv-06864.

- **Court:** United States District Court, Northern District of California.

- **Defendants:** Chime Financial, Inc., Galileo Financial Technologies LLC (formerly known as Galileo Financial Technologies, Inc.), and The Bancorp Inc.

- **Judicial Hearing Scheduled:** the Preliminary Approval Hearing is set for 9/24/2020 at 2:00 PM in Oakland, Courtroom 2, 4th Floor before Judge Haywood S Gilliam Jr. At this time, a Final Approval Hearing has not been scheduled by the Court. At the time of the hearing, these matters may be continued without further notice.

- **Documents Enclosed:** Copies of the following documents are contained on the enclosed CD:

  1. Class Action Complaint and Civil Cover Sheet;

  2. Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, with exhibits:

     - Exhibit A – Stipulation of Agreement and Settlement and Release;

       - Exhibit 1 – Claim Form;
       - Exhibit 2 – Email Notice;
       - Exhibit 3 – Short Form Notice;
       - Exhibit 4 – Long Form Notice;
       - Exhibit 5 – [Proposed] Order Granting Motion for Preliminary Approval;
       - Exhibit 6 – Declaration of Cameron R. Azari, Esq. on Settlement Notice Program;

     - Exhibit B – Declaration of John A. Yanchunis in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, with Exhibit 1; and

  3. List of Class Members and Class Member Geographic Report.

Very truly yours,

Notice Administrator

Enclosures

# Attachment 2

| | |
|---|---|
| **From:** | Richards v Chime Financial Settlement <noreply@richardsservicedisruptionclassaction.com> |
| **Sent:** | Wednesday, February 10, 2021 6:31 AM |
| **To:** | |
| **Subject:** | Reminder Notice of Class Action Settlement Approaching Claims Deadline |

**CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the phish alert button or forward to phishing@epiqglobal.com.

## ATTENTION: ███████████                          Unique ID: ████████

**REMINDER NOTICE: We are sending you this reminder email because our records indicate you have not yet filed a Claim to receive a cash payment in the Settlement of the class action lawsuit *Richards et al. v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.). We earlier sent you the Notice below. The deadline to opt-out or object has now passed, but you may still file a Claim. THE DEADLINE TO FILE A CLAIM IS FEBRUARY 15, 2021.**

**IF YOU WERE A CHIME FINANCIAL, INC. ACCOUNTHOLDER BETWEEN OCTOBER 16, 2019, AND OCTOBER 19, 2019, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

For complete information, visit
**www.RichardsServiceDisruptionClassAction.com**
**or call (855) 917-3581.**

A Federal Court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.

Si desea recibir una notificación en español, visite nuestro sitio web www.RichardsServiceDisruptionClassAction.com.

A Settlement has been reached in a class action lawsuit against Chime Financial, Inc. ("Chime"), The Bancorp Inc., and Galileo Financial Technologies LLC (formerly known as Galileo Financial Technologies, Inc.) (collectively, "Defendants"). The lawsuit concerns Chime deposit accounts and the intermittent disruption in service that some accountholders experienced for portions of a period of time between October 16, 2019, and October 19, 2019, (the "Service Disruption"). Defendants deny that they are or can be held liable for the claims made in the lawsuit. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit. The lawsuit is called *Richards, et al. v Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.), and is pending in the U.S. District Court for the Northern District of California.

**Who Is in the Settlement Class?**

Defendants' records show you may be a Member of the Settlement Class. Members of the Settlement Class are all consumers who attempted to and were unable to access or utilize the functions of their accounts with Chime, as confirmed by a failed transaction or a locked card as recorded in Chime's business records, beginning on October 16, 2019, through October 19, 2019, as a result of the Service Disruption. Eligible Settlement Class Members will be emailed notice of their eligibility, and Settlement Class membership will be verified against that emailed list. The Settlement Class does not include (a) any Judge or Magistrate presiding over this Action and members of their immediate families; (b) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants have a controlling interest, and any of their current or former officers, directors, employees, representatives, managers, members, and any other Person acting for or on behalf of Defendants; (c) Persons who properly execute and file a timely request for exclusion from the Settlement Class; and (d) Persons who have been

separately represented by counsel for matters of, and have settled, claims related to the Service Disruption with any of Defendants.

**What Can I Get Out of the Settlement?**

If you're an eligible Settlement Class Member and the Court approves the Settlement, you can receive a cash payment to compensate you for any losses you incurred during the Service Disruption, as follows.

- Tier One: Settlement Class Members who attempted to and were unable to access their accounts or spend their account funds between October 16, 2019, and October 19, 2019, and who claim they suffered a financial or other loss as a result of the Service Disruption but do not have or do not wish to provide Reasonable Documentation of losses, as defined in the Settlement Agreement (including receipts, account statements, letters or records from employers confirming payments or losses, and letters from landlords confirming payments or losses), will be eligible for a payment of up to twenty-five dollars ($25.00). Payments will be reduced by amounts you already received from Chime for the Service Disruption. If the total amount of timely, valid Claims exceeds four million dollars ($4,000,000.00), then each valid Claim shall be reduced depending on the number of valid Claims submitted by the Settlement Class. Subject to the Terms of the Agreement, if the amount of valid Claims is less than four million dollars ($4,000,000.00), Defendants will not be obligated to make these funds available and shall keep these funds, ("Tier 1 Residue"), except to the extent that such funds are necessary to fully or partially satisfy Tier 2 Claims, as described below. For additional information, please see the Settlement Agreement. Claims will be subject to a verification process. The Settlement Administrator will post additional information about the payment amount on www.RichardsServiceDisruptionClassAction.com if necessary.

- Tier Two: Settlement Class Members who attempted to and were unable to access their accounts or to spend their account funds between October 16, 2019, and October 19, 2019, and who suffered a financial or other loss as a result of the Service Disruption and provide Reasonable Documentation of losses, will be eligible for a payment of up to seven hundred and fifty dollars ($750.00). Payments will be reduced by amounts you already received from Chime for the Service Disruption. If the total amount of timely, valid, documented Claims exceeds one and one half million dollars ($1,500,000.00), plus the Tier 1 Residue, if any, then each valid, documented Claim shall be reduced depending on the number of valid Claims submitted by the Settlement Class. If the amount of valid Claims is less than one and one-half million dollars ($1,500,000.00), Defendants will not be obligated to make these funds available and shall keep these funds. For additional information, please see the Settlement Agreement. Claims will be subject to a verification process. The Settlement Administrator will post additional information about the payment amount on www.RichardsServiceDisruptionClassAction.com if necessary.

- Election of Reimbursement Method: Settlement Class Members may elect to obtain cash reimbursement without documentation or with documentation, as detailed above, but may not obtain cash reimbursement for both categories.

- Minimum Payment: Defendants will pay a minimum of one and one-half million dollars ($1,500,000.00) for the tiered Claims for financial or other losses detailed above. If the Claims submitted for financial or other losses do not equal or exceed the minimum of one and one-half million dollars ($1,500,000.00), the difference will be donated by Defendants to the East Bay Community Law Center as approved and directed by the Court.

- This Settlement includes additional benefits that Defendants have already provided to Settlement Class Members. These benefits include a ten dollar ($10.00) credit to Settlement Class Members with an active Chime Account issued on or about November 14, 2019, and a credit to Settlement Class Members with an active Chime account who incurred certain transaction fees during the Service Disruption to cover those fees.

For more information on the previously provided benefits, please visit
www.RichardsServiceDisruptionClassAction.com

**How Do I Get My Payment?**

Once the Settlement is approved, if you want to receive a separate payment for losses as a result of the Service Disruption, you must fill out and submit a timely, valid Claim Form. Just complete and submit the Claim Form online here. Claims will be subject to a verification process as described in the Settlement Agreement. You can also download the Claim Form here, or call or write to the Settlement Administrator to request a paper copy of the Claim Form. **All Claim Forms must be received online or postmarked no later than February 15, 2021.**

Call Toll-Free: (855) 917-3581
Mail:     Richards v Chime Financial Settlement Administrator
          P.O. Box 6006
          Portland, OR 97228-6006

**What Are My Options?**

You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing, submit a Claim Form, or object, you won't be able to take action against any of the Defendants with respect to the claims addressed in the Settlement, and you will be bound by the Settlement's release. If you exclude yourself, you won't get a payment, but you'll keep your right to take action against Defendants with respect to the issues in the case. You may download an exclusion form at www.RichardsServiceDisruptionClassAction.com. You must submit your written exclusion request to the Settlement Administrator at Richards v Chime Financial Settlement Administrator, P.O. Box 6006, Portland, OR 97228-6006.You can also object to the Settlement if you disagree with any of its terms. Objections must be mailed to the Court (please see Question 18 of the Long Form Notice). **All Requests for Exclusion and Objections must be received by February 1, 2021.**

**What Claims Do I Give Up by Participating in This Settlement?**

If you do not exclude yourself from the Settlement, you will not be able to sue any of the Defendants about the issues in this case, you will be bound by the Settlement's release, and you will be bound by all decisions made by the Court in this case. The specific claims you are giving up, and the people you will not be able to sue, are described in Section IX of the Settlement Agreement. You can read the Settlement Agreement at www.RichardsServiceDisruptionClassAction.com.

**Do I Have a Lawyer?**

Yes. The Court has appointed John A. Yanchunis Sr. of Morgan & Morgan as "Lead Counsel" and Patrick A. Barthle II of Morgan & Morgan and Joshua H. Watson of Clayeo C. Arnold, APC as "Class Counsel." The lawyers will file a motion seeking Court approval for the payment of their attorneys' fees, costs, and expenses, to be paid separately from the monetary relief being made available for Approved Claims, in an amount no greater than seven hundred and fifty thousand dollars ($750,000.00). The Court has also chosen Plaintiffs Ryan Richards, Ruba Ayoub, Brandy Terbay, and Tracy Cummings to serve as the Class Representatives—Settlement Class Members like you—to represent the Settlement Class. The Class Representatives will also request Service Award payments in the amount of five hundred dollars ($500.00) each. You can hire your own lawyer, but you'll need to pay your own legal fees.

**When Will the Court Approve the Settlement?**

3

The Court will hold a Final Approval Hearing on April 1, 2021, at the United States Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for fees, costs, and expenses and a Service Award to each of the Class Representatives. You may appear at the hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. These requests will be posted on the Settlement Website by January 6, 2021.

**For more information, visit the Settlement Website www.RichardsServiceDisruptionClassAction.com, call the toll-free information line (855) 917-3581, or write to the Settlement Administrator at the following address:**

**Richards v Chime Financial Settlement Administrator**
**P.O. Box 6006**
**Portland, OR 97228-6006**

*Please note: this email message was sent from a notification-only address that cannot accept incoming email. Please do not reply to this message.*

Attachment 3

Richards v Chime Financial Settlement Administrator
PO Box 6006
Portland, OR 97228-6006



# This Page Intentionally Left Blank

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Si desea recibir una notificación en español, visite nuestro sitio web
www.RichardsServiceDisruptionClassAction.com.

### *Richards et al. v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.)

## If You Were a Chime Financial, Inc. Accountholder Between October 16, 2019, and October 19, 2019, A Class Action Settlement May Affect Your Rights.

*A Federal Court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit concerning certain Chime Financial, Inc. ("Chime") deposit accounts, and the intermittent disruption in service that some accountholders experienced for portions of a period of time between October 16, 2019, and October 19, 2019.

  The lawsuit is called *Richards et al., v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.), and is pending in the U.S. District Court for the Northern District of California. The lawsuit alleges that some holders of Chime deposit accounts experienced an intermittent disruption in service for portions of the period of time between October 16, 2019, and October 19, 2019 (the "Service Disruption"). The Defendants in the lawsuit are Chime Financial, Inc. ("Chime"), The Bancorp Inc. ("Bancorp"), and Galileo Financial Technologies, LLC (formerly known as Galileo Technologies, Inc.) ("Galileo") (and collectively "Defendants"). Defendants in the lawsuit deny that they are or can be held liable for the claims made in the lawsuit. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit.

- "Settlement Class Members": Members of the Settlement Class are all consumers who attempted to and were unable to access or utilize the functions of their accounts with Chime, as confirmed by a failed transaction or a locked card as recorded in Chime's business records, beginning on October 16, 2019, through October 19, 2019, as a result of the Service Disruption. Eligible Settlement Class Members will have been emailed notice of their eligibility, and Settlement Class membership will be verified against that emailed list. The Settlement Class does not include (a) the Court; (b) the officers and directors of Defendants; (c) Persons who properly execute and file a timely request for exclusion from the Settlement Class; and (d) Persons who have been separately represented by counsel for matters of, and have settled, claims related to the Service Disruption with any of Defendants.

- Settlement Class Members are eligible to receive the following relief:

  - Cash Reimbursement for Losses Without Documentation: Settlement Class Members who attempted to and were unable to use their cards to access or spend their account funds between October 16, 2019, and October 19, 2019, and who claim they suffered a financial or other loss as a result of the Service Disruption but do not have or do not wish to provide Reasonable Documentation, as defined in the Settlement Agreement (including receipts, account statements, letters or records from employers confirming payments or losses, and letters from landlords confirming payments or losses), will be eligible for a payment up to twenty-five dollars ($25.00) as described below. This payment will be reduced by amounts that Settlement Class Members already received from Chime for the Service Disruption. The Settlement Administrator will post additional information about the payment amount on www.RichardsServiceDisruptionClassAction.com if necessary.

  - Cash Reimbursement for Losses With Supporting Documents: Settlement Class Members who attempted to and were unable to utilize the functions of their accounts with Chime, from October 16, 2019, to October 19, 2019, and who suffered a financial or other loss as a result of the Service Disruption, and provide Reasonable Documentation to support this loss, will be eligible for a payment of up to seven hundred and fifty dollars ($750.00) as described below. This payment will be reduced by amounts that Settlement Class Members already received from Chime for the Service Disruption. The Settlement Administrator will post additional information about the payment amount on www.RichardsServiceDisruptionClassAction.com if necessary.

  - Election of Reimbursement Method: Settlement Class Members may elect to obtain cash reimbursement without documentation or with documentation, as detailed above, but may not obtain cash reimbursement for both categories.

AB6421 v.07



○ Defendants will pay a minimum of one and one-half million dollars ($1,500,000.00) for the tiered Claims for financial or other losses detailed above. If the Claims submitted for financial or other losses do not equal or exceed the minimum of one and one-half million dollars ($1,500,000.00), the difference will be donated by Defendants to the East Bay Community Law Center as approved and directed by the Court.

○ This Settlement also accounts for additional benefits that Defendants have provided already to Settlement Class Members. These benefits include a ten dollar ($10.00) credit to Settlement Class Members with an active Chime account that was issued on or about November 14, 2019, and a credit to Settlement Class Members with an active Chime account who incurred certain transaction fees during the Service Disruption to cover those fees. For more information on the previously provided benefits, please visit www.RichardsServiceDisruptionClassAction.com.

• Defendants have also agreed to pay, subject to the Court's approval and up to amounts as identified in the Settlement Agreement, the cost of notice and administration of the Settlement, the Service Awards to the Class Representatives, and Class Counsel's attorneys' fees, costs, and expenses.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way a Settlement Class Member may receive a payment for losses suffered as a result of the Service Disruption. |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have with respect to Defendants and the issues in this case. You may download an exclusion form at www.RichardsServiceDisruptionClassAction.com. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive any other payment for losses due to the Service Disruption, and you will give up your rights to sue Defendants about the issues raised in this case. You will also remain in the Class and subject to the Release. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments generally will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

### 1.   What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with Defendants. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Haywood S. Gilliam Jr. of the U.S. District Court for the Northern District of California is overseeing this class action. The case is called *Richards et al., v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.).

The persons who filed the lawsuits, Ryan Richards, Ruba Ayoub, Brandy Terbay, and Tracy Cummings, are the Plaintiffs or Class Representatives. The companies they sued, Chime Financial, Inc., The Bancorp Inc., and Galileo Financial Technologies, LLC (formerly Galileo Technologies Inc.), are the Defendants.

### 2.   What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Ryan Richards, Ruba Ayoub, Brandy Terbay, and Tracy Cummings—sue on behalf of a group of people who have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3.   What is this lawsuit about?

The lawsuit alleges that some holders of Chime deposit accounts experienced an intermittent disruption in service for portions of the period of time between October 16, 2019, and October 19, 2019, and accountholders experienced damages and losses as a result. The lawsuit alleges that Defendants are liable for various consumer protection, unjust enrichment, conversion, contract, and negligence claims. Defendants deny that they are or can be held liable for the claims made in the lawsuit. More information about the complaint in the lawsuit and Defendants' responses can be found in the "Court Documents" section of the Settlement Website at www.RichardsServiceDisruptionClassAction.com.

### 4.   Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Defendants should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty and expense of ongoing litigation, and Settlement Class Members will get compensation now rather than years later—if ever. The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members. The Settlement is not an admission of wrongdoing by any of the Defendants.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5.   How do I know if I am in the Settlement Class?

The Court decided that this Settlement includes a Class of all accountholders, as identified in Chime's business records, who were unable to access their Chime deposit accounts for portions of a period of time between October 16, 2019, and October 19, 2019, as a result of the Service Disruption. Eligible Settlement Class Members will have been emailed notice of their eligibility, and Settlement Class membership will be verified against that emailed list. Not all accountholders are Settlement Class Members. The Settlement Class does not include individuals who attempted to, and were unable to, access or spend their funds for reasons other than problems caused by technical issues arising during the Service Disruption (like insufficient balances).

This Settlement Class does not include (a) any Judge or Magistrate presiding over this Action and members of their immediate families; (b) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants have a controlling interest, and any of their current or former officers, directors,



employees, representatives, managers, members, and any other Person acting for or on behalf of Defendants; (c) Persons who properly execute and file a timely request for exclusion from the Settlement Class; (d) Persons who have been separately represented by counsel for matters of, and have settled, claims related to the Service Disruption with any of Defendants; and (e) the legal representatives, successors, or assigns of any such excluded Persons.

**THE SETTLEMENT BENEFITS**

### 6.   What does the Settlement provide?

This Settlement provides eligible Settlement Class Members with:

- Cash payments for losses due to the Service Disruption. A Claim Form must be timely filed in order to receive this benefit. Claims Forms must be submitted or postmarked by February 15, 2021.

<u>**Cash Payment**</u>

- ○ A Claim Form must be timely submitted by mail or online at www.RichardsServiceDisruptionClassAction.com to receive this benefit. Claim Forms must be submitted under the penalty of perjury.

- ○ **Tier One:** If you are a Settlement Class Member and you suffered a financial or other loss as a result of the Service Disruption, but do not have or do not wish to provide Reasonable Documentation of losses, you will be eligible for a payment of up to twenty-five dollars ($25.00). Payments will be reduced by amounts you already received from Defendants as a result of the Service Disruption. If the total amount of timely, valid Claims exceeds four million dollars ($4,000,000.00), then each valid Claim shall be reduced proportionally depending on the number of valid Claims submitted by the Settlement Class. Subject to the Terms of the Agreement, if the amount of valid Claims is less than four million dollars ($4,000,000.00), Defendants will not be obligated to make these funds available and shall keep these funds, ("**Tier 1 Residue**"), except to the extent that such funds are necessary to fully or partially satisfy Tier 2 Claims, as described below. For additional information, please see the Settlement Agreement. Claims will be subject to a verification process. The Settlement Administrator will post additional information about the payment amount on www.RichardsServiceDisruptionClassAction.com, if necessary.

- ○ **Tier Two:** If you are a Settlement Class Member and you suffered a financial or other loss as a result of the Service Disruption and provide Reasonable Documentation of losses, you will be eligible for a payment of up to seven-hundred and fifty dollars ($750.00). Payments will be reduced by amounts you already received from Defendants as a result of the Service Disruption. If the total amount of timely, valid, documented Claims exceeds one and one-half million dollars ($1,500,000.00), plus the Tier 1 Residue, if any, then each valid, documented Claim shall be reduced proportionally depending on the number of valid Claims submitted by the Settlement Class. If the amount of valid Claims is less than one and one-half million dollars ($1,500,000.00), Defendants will not be obligated to make these funds available and shall keep these funds. For additional information, please see the Settlement Agreement. Claims will be subject to a verification process. The Settlement Administrator will post additional information about the payment amount on www.RichardsServiceDisruptionClassAction.com, if necessary.

- ○ **Minimum Payment:** Defendants will pay a minimum of one and one-half million dollars ($1,500,000.00) for the tiered Claims for financial or other losses detailed above. If the Claims submitted for financial or other losses do not equal or exceed the minimum of one and one-half million dollars ($1,500,000.00), the difference will be donated by Defendants to the East Bay Community Law Center as approved and directed by the Court.

<u>**Additional Benefits Provided by Defendants Pursuant to This Settlement:**</u>

To compensate accountholders for inconveniences and losses as a result of the Service Disruption, Defendants previously provided the following relief without requiring Settlement Class Members to submit a Claim:

a.   Settlement Class Members with an active account already received a credit to their account in the amount of ten dollars ($10.00). If you are one of the Settlement Class Members who received this credit, your Claim for losses will be reduced by ten dollars ($10.00).

b.   Settlement Class Members with an active account who incurred certain transaction fees during the Service Disruption received a credit to cover those fees.

**HOW TO GET BENEFITS**

### 7.    How do I make a Claim?

If you want to receive a separate payment for losses as a result of the Service Disruption, you must fill out and submit a timely, valid Claim Form. You may fill out and submit a Claim Form online at www.RichardsServiceDisruptionClassAction.com. Claims will be subject to a verification process. You can also download the Claim Form from the Settlement Website, call (855) 917-3581, or write to the Settlement Administrator to request that a paper copy of the Claim Form be mailed to you at: Richards v. Chime Financial Settlement Administrator, PO Box 6006, Portland, OR 97228-6006. **All Claim Forms must be received online or postmarked no later than February 15, 2021.**

### 8.    When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for April 1, 2021. If the Court approves the Settlement, eligible Settlement Class Members whose Claims were approved by the Settlement Administrator will be sent a check within approximately 45 days after all appeals and other reviews, if any, are completed. Please be patient. All checks will expire and become void 90 days after they are issued.

**THE LAWYERS REPRESENTING YOU**

### 9.    Do I have a lawyer in this case?

Yes, the Court has appointed John A. Yanchunis Sr. of Morgan & Morgan as "Lead Counsel" and Patrick A. Barthle II of Morgan & Morgan and Joshua H. Watson of Clayeo C. Arnold, APC as "Class Counsel." In addition, the Court appointed Plaintiffs Ryan Richards, Ruba Ayoub, Brandy Terbay, and Tracy Cummings to serve as the Class Representatives. They are Settlement Class Members like you. Class Counsel can be reached by calling (813) 275-5272.

### 10.    Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. But if you want to hire your own lawyer, you may. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 11.    How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees, costs, and expenses that will be paid by or on behalf of Defendants separately. Class Counsel will not seek more than seven hundred and fifty thousand dollars ($750,000.00) in attorneys' fees, costs, and expenses. Class Counsel will also request a Service Award of five hundred dollars ($500.00) for each of the Class Representatives, totaling two thousand dollars ($2,000.00) for all four Class Representatives. The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service award to the Class Representatives. The Court may award less than the amounts requested. Any attorneys' fees, costs, and expenses and Service Awards that the Court awards will not reduce the benefits provided to you under this Settlement.

**YOUR RIGHTS AND OPTIONS**

### 12.    What claims do I give up by participating in this Settlement?

If you do not exclude yourself from the Settlement, you will not be able to sue any of the Defendants about the issues in this case, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless whether you submit a Claim Form. You can read the Settlement Agreement on www.RichardsServiceDisruptionClassAction.com.



## 13.   What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement for any losses incurred as a result of the Service Disruption. You will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 12 above. Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against Defendants for the claims or legal issues resolved in this Settlement.

## 14.   What happens if I ask to be excluded?

If you exclude yourself from the Settlement, you will receive no benefits or payment under the Settlement. However, you will not be in the Settlement Class and will not be legally bound by the Court's judgments related to the Settlement Class and Defendants in this class action.

## 15.   How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must send a letter or exclusion form stating that you want to be excluded from the Settlement in *Richards et al. v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.). Your letter must also include (1) your name and address; (2) the last four digits of your Chime account number; (3) a statement that you wish to be excluded from the Settlement Class; and (4) your signature. Alternatively, you may use the exclusion form found on the Settlement Website. You must mail your exclusion request, postmarked no later than February 1, 2021, to the following address:

Richards v. Chime Financial Settlement Administrator
PO Box 6006
Portland, OR 97228-6006

You can't exclude yourself by phone or email. Each individual who wants to be excluded from the Settlement must submit his or her own exclusion request.

A form for opting out of the Settlement will be made available on the Settlement Website at www.RichardsServiceDisruptionClassAction.com.

## 16.   If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims being resolved by this Settlement.

## 17.   If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## 18.   How do I object to the Settlement?

If you do not exclude yourself from the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Richards et al. v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.) no later than February 1, 2021. Your objection should be sent to the United States District Court for the Northern District of California at the following address:

Clerk of Court
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

If you are represented by a lawyer, the lawyer must file your objection through the Court's CM/ECF system. Include your lawyer's contact information in the objection.

The objection must be in writing and include the case name *Richards et al. v. Chime Financial, Inc.*, Case No. 4:19-cv-06864 (N.D. Cal.). Your objection must be personally signed by you and include, among other things, the following information: (1) your name, address, and telephone number; (2) all arguments, citations, and evidence supporting the grounds for your objection; (3) an explanation of the basis upon which you claim to be a Settlement Class Member; (4) the last four digits of your Chime account number; and (5) a statement indicating whether you are represented by counsel in connection with the objection. If you wish to appear and be heard at the hearing on the fairness of the Settlement, you or your attorney must say so in your written objection.

In addition to filing your objection with the Court, you may, but are not required to, send copies of your objection and any supporting documents to both Lead Counsel and Defendants' lawyers at the addresses listed below:

| Lead Counsel | Defense Counsel |
|---|---|
| John A. Yanchunis<br>MORGAN & MORGAN<br>COMPLEX LITIGATION GROUP<br>201 N. Franklin Street, 7th Floor<br>Tampa, FL 33602 | Thomas P. Brown<br>PAUL HASTINGS LLP<br>101 California Street, Forty-Eighth Floor<br>San Francisco, CA 94105-3441<br><br>Fred B. Burnside<br>DAVIS WRIGHT TREMAINE<br>901 5th Ave., Suite 3300<br>Seattle, WA 98104-1610 |

Class Counsel will file their request for attorneys' fees, costs, and expenses and Service Awards for the Class Representatives with the Court, which will also be posted on the Settlement Website, at www.RichardsServiceDisruptionClassAction.com.

### 19.   What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

### 20.   When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on April 1, 2021, at the United States Courthouse, Courtroom 2 – 4th Floor, 1301 Clay Street, Oakland, CA 94612. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the Service Awards to the Class Representatives.

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the Settlement Website, www.RichardsServiceDisruptionClassAction.com, or through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

### 21.   Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend on your behalf, but you don't have to.

### 22.   May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement. If you filed an objection (see Question 18 above) and intend to appear at the hearing, you must state your intention to do so in your objection.

AB8427 v.07



**GETTING MORE INFORMATION**

**23.   Where can I get additional information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.RichardsServiceDisruptionClassAction.com, contact Class Counsel at (855) 275-5272, access the Court docket in this case through the Court's PACER system at www.pacer.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, Clerk of Court, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CALL THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

*Richards et al. v. Chime Financial, Inc.,* Case No. 4:19-cv-06864 (N.D. Cal.)

## CLAIM FORM

### IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE OR POSTMARKED NO LATER THAN FEBRUARY 15, 2021.

***ATTENTION:*** *This Claim Form is to be used to apply for reimbursement of losses due to the intermittent disruption in service that some accountholders experienced for portions of a period of time between October 16, 2019, and October 19, 2019. In order to submit a Claim, you must have been identified as a potential Settlement Class Member from Defendants' business records and received emailed Notice of this Settlement with a Unique ID. If you submit proof of your losses, you may qualify for a payment of up to $750.00. If you do not have documents to support your losses, you may qualify for a payment of up to $25.00.* ***PLEASE BE ADVISED*** *that any documentation you provide must be submitted* ***WITH*** *this Claim Form. If you are unable to electronically upload a copy of your documents to the Settlement Website, you will need to mail a printed Claim Form along with your documentation to the Settlement Administrator. If you are unable to print this form, please call (855) 917-3581 to have a blank Claim Form mailed to you rather than completing this Claim Form online.*

### REGISTRATION

First Name:

MI:

Last Name:

Business Name:

Mailing Address:

City:

State:

ZIP Code:

Telephone Number:

**Please provide the Unique ID identified in the notice that was emailed to you:**

(You do not need a Unique ID to file this Claim Form, but you must have been issued a Unique ID to be a Settlement Class Member.)

***Instructions.*** *Please follow the instructions below and answer the questions as instructed.*

01-CA5677
AB6431 v.05

1

## CLAIM INFORMATION

### *Section A. Confirm Your Eligibility*

**Did you have a Chime deposit account on October 16, 2019?** ☐ Yes   ☐ No

> *If yes, continue to the next question. If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

> *If you had more than one account, you may only submit one Claim Form for losses. For accounts with multiple owners or users, only one Claim may be submitted per account.*

**Did you attempt to use or access your Chime account at any time during the time period of October 16, 2019, to October 19, 2019?** ☐ Yes   ☐ No

> *If yes, continue to the next question. If no, you do not qualify to file a Claim, but you may still be a Settlement Class Member and qualify for other benefits provided in the Settlement without the need to file a Claim. Those benefits are more fully explained in the Settlement Agreement. Visit www.RichardsServiceDisruptionClassAction.com to learn more about the requirements for Settlement Class Membership and the other benefits for which you may qualify.*

*During the time period of October 16, 2019, through October 19, 2019, some accountholders who tried to use their accounts were unable to access or spend their account funds, due to an intermittent disruption in services for portions of a period of time. This event is referred to as the "Service Disruption."*

**When you attempted to use your Chime account to access or spend your account funds during the time period of October 16, 2019, through October 19, 2019, were you unable to do so? For example, were you unable to withdraw money from the account, or were you unable to use the account to make charges or pay for goods or services?** ☐ Yes   ☐ No

> *If yes, continue to the next question. If no, you do not qualify to file a Claim, but you may have already received Settlement benefits without the need to file a Claim. Those benefits are more fully explained in the Settlement Agreement. Visit www.RichardsServiceDisruptionClassAction.com to learn more.*

**Did you suffer any financial expenses or other losses as a result of the Service Disruption? For example, were you charged any late fees on other accounts; did you suffer lost wages; were you evicted from your home; did you borrow money with interest to pay bills; were you charged a return payment fee for an account on auto pay; or did you have your electricity or telephone service turned off?** ☐ Yes   ☐ No

> *If yes, continue to the next question. If no, you do not qualify to file a Claim, but you may have already received Settlement benefits without the need to file a Claim. Those benefits are more fully explained in the Settlement Agreement. Visit www.RichardsServiceDisruptionClassAction.com to learn more.*

### *Section B. Claims for Losses*

*If it is verified that you attempted to use your Chime account to access or spend your account funds between October 16, 2019, and October 19, 2019, and you were unsuccessful in doing so and suffered a loss as a result, you will be eligible to receive one of two types of payments to compensate you for the losses and inconveniences suffered as a result of the Service Disruption. A claimant who was unable to access his or her funds for reasons unrelated to the Service Disruption—for example, because there were insufficient funds in his or her account—is not a Settlement Cass Member and is not entitled to file a Claim.*

*If it is verified that you meet all of the criteria described in the Settlement Agreement but do not have or **do not** wish to provide documents to prove your losses and the dollar amount of those losses, you will be eligible to receive a payment of up to $25.00.*

*If it is verified that you meet all of the criteria described in the Settlement Agreement, and you **submit** proof of your losses and the dollar amount of those losses, you will be eligible to receive a payment compensating you for your losses of up to **$750.00**. Examples of such proof include receipts, account statements, letters or records from employers confirming payments or losses, and letters from landlords confirming payments or losses.*

*You will only be eligible for one form of payment under this Claims process. If you previously received any payment or reimbursement from Chime to compensate for out-of-pocket expenses resulting from the Service Disruption, your compensation will be reduced by the amount you previously received. All accountholders previously received a $10.00 credit to their accounts made by Chime. Payments under this current Claims process will be reduced by that $10.00 amount for those accountholders.*

*If the total dollar amount of Claims for losses exceeds the limits set by the Settlement Agreement, your Claim payment may be reduced depending on the number of valid Claims received.*

*Payment for your losses will be paid directly to you either by check and sent to the mailing address you provided above, or you may elect to receive payment in the form of a credit to your Chime account subject to the conditions described below.*

**Please select one of the following options:**

☐ I have documents to prove the losses and the dollar amount of the losses I suffered as a result of the Service Disruption <u>and will submit</u> that documentation.

*If you select this option, please skip to Section C.*

☐ I <u>do not</u> have proof of the losses I suffered as a result of the Service Disruption or do not wish to submit those documents. By choosing this option, you will be eligible to receive a payment of up to $25.00 only.

*If you select this option, please continue to the next two instructions.*

**Please provide an explanation of the types of losses and the dollar amount of the losses you suffered as a result of the Service Disruption. <u>You must provide both an explanation AND the dollar amount for this Claim to be processed.</u>**

| Description of the Loss | Date of Loss | Amount |
|---|---|---|
| Example:<br>Late fee charged on electric bill | 0 5 – 1 7 – 1 9<br>MM  DD  YY | $5.50 |
| Example:<br>Return payment fee for car payment on auto pay charged to MoneyCard account | 0 5 – 2 0 – 1 9<br>MM  DD  YY | $25.00 |
|  | – –<br>MM  DD  YY | $ . |
|  | – –<br>MM  DD  YY | $ . |
|  | – –<br>MM  DD  YY | $ . |
|  | – –<br>MM  DD  YY | $ . |
|  | – –<br>MM  DD  YY | $ . |
|  | – –<br>MM  DD  YY | $ . |

# Attachment 4

 **Richards v Chime Financial Settlement Exclusion Request Report**

**Fairness Hearing Date:  04/1/2021**

| First Name | Last Name | Postmark Date | Class Member? |
|---|---|---|---|
| Robert | Waters | December 7, 2020 | Yes |
| Quante | Hadnot | December 7, 2020 | Yes |
| Marina | Oster | December 15, 2021 | Yes |
| Ricardo | LaCroix | February 1, 2021 | Yes |
| Renasha | Handy | January 29, 2021 | Yes |
| Tiffany | Rivera | February 16, 2021 | Yes |