UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RYAN RICHARDS, RUBA AYOUB, BRANDY TERBAY AND TRACY CUMMINGS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHIME FINANCIAL, INC., GALILEO FINANCIAL TECHNOLOGIES, INC., and THE BANCORP INC.,<br><br>Defendant. | CASE NO. 4:19-CV-06864-HSG<br><br>**JUDGMENT** |

| | |
|---|---|
| 1 | For the reasons set forth in this Court's Final Approval Order, in the above-captioned |
| 2 | matter as to the following class of persons (the "Settlement Class"): |

> All consumers who attempted to and were unable to access or utilize the functions of their accounts with Chime, as confirmed by a failed transaction or a locked card as recorded in Chime's business records, beginning on October 16, 2019 through October 19, 2019, as a result of the Service Disruption.

JUDGMENT IS HEREBY ENTERED, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified class of persons, Plaintiffs Ryan Richards, Ruba Ayoub, Brandy Terbay, and Tracy Cummings ("Plaintiffs") and Defendants Chime Financial, Inc., Galileo Financial Technologies, LLC, formerly known as Galileo Financial Technologies, Inc., and The Bancorp Inc. (collectively, "Defendants") on the terms and conditions of the class action settlement agreement (the "Settlement Agreement") approved by the Court's ORDER GRANTING MOTION FOR FINAL APPROVAL AND GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES ("Final Approval Order"), dated May 24, 2021, (ECF No. 71).

1. The Court, for purposes of this Final Judgment, adopts the terms and definitions set forth in the Settlement Agreement incorporated into the Final Approval Order, which Final Approval Order is incorporated herein as if restated in full, and which granted final approval to the Settlement Agreement and directed the Parties and the Settlement Administrator to implement the Final Approval Order and the Settlement Agreement in accordance with the terms of the Settlement Agreement.

2. All Released Claims of the Releasing Parties are hereby released as against Defendants and the Released Parties, as detailed in the Settlement Agreement.

3. The claims of Plaintiffs and the Settlement Class are dismissed on the merits and with prejudice in accordance with the Court's Final Approval Order.

4. Class Counsel's attorneys' fees, costs, and expenses are awarded as set forth in the Final Approval Order.

5. The Parties shall bear their own costs and attorneys' fees, except as otherwise set forth in the Final Approval Order.

6. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

7. The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiffs, the Settlement Class, and Defendants. Accordingly, the Clerk is hereby directed to enter Judgment forthwith and close the case.

IT IS SO ORDERED.

DATED: 6/1/2021

*Haywood S. Gilliam Jr.*
The Honorable Haywood S. Gilliam, Jr.
U.S. District Judge